IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CURTIS L. PATTERSON,**

    Petitioner,

v.                                         Civil Action No. 3:21cv694

**COMMONWEALTH OF VIRGINIA,** *et al.*,

    Respondents.

## MEMORANDUM OPINION

Curtis L. Patterson, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254. ("§ 2254 Petition," ECF No. 3.)[1] Patterson is currently detained pending his trial in the Circuit Court for Sussex County ("Circuit Court") for a variety of drug and firearm offenses and malicious wounding.[2] Patterson has not yet been convicted by the Circuit Court as he readily admits.[3]

"As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent, . . . courts require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (internal quotations and citations omitted). In

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization and punctuation in citations from Patterson's submissions.

[2] *See Supreme Court of Virginia*, Virginia's Judicial System (last visited Dec. 6, 2021), available at https://www.vacourts.gov (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Sussex Circuit" from drop-down menu and follow "Begin" button; type "Patterson, Curtis," and then follow "Search by Name" button).

[3] Patterson states: "No conviction as of now, challenging Circuit Court Sussex County Court procedures." (ECF No. 3, at 1.)

this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). Thus, "district courts 'should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.'" *Id.* at 531 (alteration in original) (quoting *Stack v. Boyle*, 342 U.S. 1, 6–7 (1951)).[4] "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92–7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987))).

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 224 (citations

---

[4] "In the pretrial context, the exhaustion requirement is imposed to preclude 'the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Huff v. Virginia*, No. 3:07cv691, 2008 WL 2674030, at *2 (E.D. Va. July 7, 2008) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973)). The Supreme Court employed the "language [in *Braden*] to distinguish between two types of speedy trial claims. The appropriate habeas claim where the habeas petitioner sought to compel the state to bring him to trial, rather than the illegitimate habeas claim where the petitioner seeks to abort a scheduled trial on speedy trial grounds." *Id.* at *2 n.3 (citing *Moore v. DeYoung*, 515 F.2d 437, 445–46 (3d Cir. 1975)).

omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotation marks omitted)). Here, the issues raised by Patterson may be resolved either by (1) a trial on the merits in the Circuit Court, or (2) subsequent direct and collateral appeals. *See Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing habeas petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal prosecution"). Patterson fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time.

Accordingly, Patterson's § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE because Patterson has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture. *See Newkirk v. Lerner*, No. 3:13CV570, 2013 WL 4811219, at *1–2 (E.D. Va. Sept. 9, 2013) (dismissing without prejudice similar habeas petition by pretrial detainee). The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-12-2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Patterson fails to meet this standard.